PEDRO M. MÉNDEZ, ETC., ET AL., demandantes y recurridos, *v.* JESÚS PÉREZ BOSQUES, FRANK JULIÁ y SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, demandados y recurrente la última.

*Número:* R-69-328      *Resuelto:* 8 de diciembre de 1970

*Rieckehoff, Calderón, Vargas & Arroyo,* abogados de la recurrente; *Cancio & Cancio,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Una carreta llena de caña de azúcar tirada por un tractor le fracturó un pie a un menor que le llevaba agua a su padre, quien trabajaba cortando caña en la finca en que ocurrió el accidente.

La carreta bajaba una cuesta; el niño la subía a pie; a ambos lados del camino había un talud o terreno alto. "En el otro lado hay un cerro más grande que el que yo estoy [*sic*]" declaró el menor al explicar la situación en la cual se encontró. T.E. pág. 29. El niño se situó a un lado del camino para dejar pasar el vehículo, pero al ver venir hacia su persona la rueda de la carreta se quiso replegar más hacia el talud y al hacerlo resbaló y la rueda le pisó el pie izquierdo.

Dos cosas parecen ciertas: que si el niño no resbala la rueda no le pisa el pie, y que si el niño no se repliega hacia el talud la rueda lo mata. Véase el siguiente fragmento de su declaración:

"P. ¿Y qué pasó entonces?

R. Yo me halé a una esquina bien pegao' cuando el 'mosquito' pasó, porque, al yo halarme así resbalé.

P. ¿La 'jaula' venía para dónde?

R. Pa' encima de mí.

P. ¿Qué parte de la 'jaula' venía pa' encima de usted?

R. La goma de atrás.

P. ¿Y qué usted hizo?

R. Me halé bien a la esquina y ahí mismo resbalé y me haló la goma.

P. ¿Usted dice que el tractor pasó?

R. El 'mosco' pasó y yo me halé bien arriba y al pasar la 'jaula,' ahí yo resbalé.

P. Es decir, le pregunto yo, ¿qué es más ancho, si el mosquito, o la jaula?

R. La jaula.

P. ¿La jaula es más ancha que el mosquito?

R. Sí, señor.

P. ¿Y esa cuesta, cómo es esa cuesta?

R. Es grande como esto aquí.

Lic. Cancio:

O sea, señalando el testigo de un lado a otro del Tribunal.

P. ¿Usted dice, cuando usted hace así con la mano, qué usted quiere decir, de qué sitio más o menos?

R. Como ésto de grande de allá a acá.

P. ¿Como del largo de este edificio?

R. Sí, señor.

P. ¿Y eso es una pendiente llevadera que se dice, suave, regular, o bastante empinada?

R. Empinada.

P. Dígame una cosa, ¿Entonces, porque usted se tira para atrás?

R. *Para que las ruedas no me maten completo.*

P. ¿Es decir, que si usted no se tira para atrás. . . .

R. *Me mata la goma, me hubiera matado de redondo.*" T.E. pág. 17–17. (Bastardillas nuestras.)

De lo anterior puede verse que la acción del menor al tratar de situarse lo más cerca posible del talud para evitar que la rueda de la carreta lo aplastase no fue una acción imprudente, sino que fue la que normalmente hubiese realizado casi cualquier persona.

El propio demandado-recurrente admitió que por el lado del camino opuesto al que estaba el menor había como tres pies de espacio entre el vehículo y el otro talud. T.E. pág. 33. Era, pues, posible para el conductor del vehículo, el cual bajaba lentamente, haberlo dirigido hacia ese lado para alejarlo un poco del niño que se encontraba apresado en la cuesta entre el vehículo y el talud.

Bajo esas circunstancias creemos que la culpa puede justicieramente atribuirse en una proporción de dos terceras partes a los demandados y una tercera parte al demandante. El tribunal de instancia le atribuyó toda la culpa a los demandados y los condenó a pagar las siguientes sumas: Al perjudicado $6,000.00 por sufrimientos físicos y mentales (las fracturas del pie sanaron y el menor camina bien pero no puede correr) ; $1,000.00 a cada uno de los padres por sufrimientos mentales; $500.00 por concepto de honorarios de abogado, más las costas e intereses al seis por ciento anual sobre las cantidades concedidas por concepto de daños a partir del 3 de enero de 1969 hasta la fecha en que se efectúen dichos pagos.

En vista de lo que anteriormente dejamos expuesto, *se modificará la sentencia dictada en este caso por el Tribunal Superior, Sala de Aguadilla, en 17 de noviembre de 1969, en el sentido de reducir a $4,000.00 la suma concedida al perjudicado Pedro L. Méndez Pérez; a $666.66 la suma a pagarse al codemandante Agustín Méndez Pérez, padre del menor; y a $666.66 la suma a pagarse a la codemandante Ricarda Pérez Pérez, madre del menor. Los demás extremos de la sentencia no se alterarán y así modificada la misma se confirmará.*

El Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Hernández Matos y Santana Becerra no intervinieron. El Juez Asociado Señor Pérez Pimentel disintió.